| | | |
|---|---|---|
| **GABRIEL BOGDEN-COZMUTA** | : | CIVIL ACTION |
| | : | NO. |
| **V.** | : | |
| | : | |
| **GRANBY URGENT CARE, LLC;** | : | |
| **OCCUPATIONAL MEDICINE OF THE** | : | |
| **NORTHEAST LLC (dba THE** | : | |
| **DOCTORS TREATMENT CENTER);** | : | |
| **BLOOMFIELD URGENT CARE LLC; AND** | : | |
| **STEPHEN A. KEI** | : | JUNE 25, 2020 |

## COMPLAINT

### Introduction

1. This is an action brought by Plaintiff Gabriel Bogden-Cozmuta as a result of the unlawful and retaliatory actions of Defendants Granby Urgent Care, LLC, Occupational Medicine of the Northeast, LLC, dba The Doctors Treatment Center, and Bloomfield Urgent Care, LLC ("Defendants") in violation of Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA") for Defendants' retaliation against Plaintiff for his objections to Defendants' violations of FLSA.

### Jurisdiction

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

4. This court has personal jurisdiction over Defendants because they transact business in the State of Connecticut, and employ individuals in the State of Connecticut.

1

**Parties**

5. Plaintiff, Gabriel Bogden-Cozmua, is an individual who at all times relevant to this Complaint resided in the judicial district of Connecticut.  At all times relevant to this Complaint, Plaintiff was jointly employed by Defendants Granby Urgent Care, LLC, Occupational Medicine of the Northeast, LLC, dba The Doctors Treatment Center, and Bloomfield Urgent Care, LLC.

6.  Defendant Granby Urgent Care, LLC, ("Granby Urgent Care"), is a Connecticut limited liability company with principal offices located at 7 Mill Pond Road, Granby, Connecticut. Defendant Granby Urgent Care transacts business in the State of Connecticut and is an employer engaged in interstate commerce as that term is defined under the FLSA.

7. Defendant Occupational Medicine of the Northeast, LLC, dba The Doctors Treatment Center ("Occupational Medicine"), is a Connecticut limited liability company with principal offices located at 240 East Street, Plainville Connecticut.  Defendant Occupational Medicine transacts business in the State of Connecticut and is an employer engaged in interstate commerce as that term is defined under the FLSA.

8. Defendant Bloomfield Urgent Care, LLC ("Bloomfield Urgent Care"), is a Connecticut limited liability company with principal offices located at 16 Mountain Avenue, Bloomfield, Connecticut.  Defendant Bloomfield Urgent Care transacts business in the State of Connecticut and is an employer engaged in interstate commerce as that term is defined under the FLSA.

9. At all relevant times, Defendants Granby Urgent Care, Occupational Medicine, and Bloomfield Urgent Care participated in an integrated enterprise by which Defendants jointly employed Plaintiff. Defendants are an

integrated or joint employer of the plaintiff and provide urgent care medical services in Connecticut.

10. Defendant Stephen A. Kei, M.D. ("Defendant Kei", and together with Granby Urgent Care, Occupational Medicine and Bloomfield Urgent Care, the "Defendants") owns and operates Granby Urgent Care, Occupational Medicine, and Bloomfield Urgent Care.

11. Barbara Kei is Dr. Kei's wife and the Operations Manager of Granby Urgent Care, Occupational Medicine, and Bloomfield Urgent Care.

12. During Plaintiff's employment, Defendant Kei was a joint employer along with Granby Urgent Care, Occupational Medicine, and Bloomfield Urgent Care because, directly or indirectly, he controlled Plaintiff's work conditions.

13. Defendants regularly scheduled Plaintiff to work, and Plaintiff in fact did work in his capacity as a Physician Assistant, at Granby Urgent Care, Occupational Medicine, and Bloomfield Urgent Care at various times throughout his period of employment with the Defendants.

14. Defendants regularly scheduled Plaintiff to work at Granby Urgent Care, Occupational Medicine, and Bloomfield Urgent Care. No differentiation as to work location or duty station with respect to Plaintiff's employment by these corporate locations was ever reflected in Plaintiff's paycheck.

**Factual Background**

15. Plaintiff began working for Defendants as a Physicians Assistant in March 2016.

16. On July 10, 2018, Plaintiff spoke with Barbara Kei regarding his entitlement to overtime pay and gave her documentation including a Fifth Circuit Court of Appeals decision supporting his position that the Defendants owed him overtime wages for hours worked in excess of forty hours in any week at or

among any of the corporate locations.

17. Several days later, on July 19, 2018, Plaintiff emailed Mrs. Kei to find out whether Defendants would pay him the overtime wages to which he was entitled.  He also informed Mrs. Kei of his intention to report his overtime wage concerns to the Connecticut Department of Labor ("DOL").  Mrs. Kei did not respond to Plaintiff's email.

18. On July 19, 2018, Plaintiff and Defendant Kai communicated with each other by text message.  In those text messages Plaintiff informed Defendnat Kai that he was concerned that he was due overtime that he was not getting paid. Defendant Kai claimed that Plaintiff was a highly compensated worker and exempt from overtime, to which Plaintiff replied that this exemption did not apply to Physicians Assistants.

19. Defendants retaliated against Plaintiff for these internal complaints regarding wage and hour violations.

20. On or about July 20, 2018, Defendant Kei communicated with Plaintiff via text message, and stating he would reduce Plaintiff's hours to less than forty hours per week.

21. After this text message to Plaintiff, Defendants cut Plaintiff's hours at Bloomfield Urgent Care by approximately half.

22. On September 12, 2018, Plaintiff reported Defendants' failure to pay him overtime wages to DOL.

23. Upon information and belief, Defendants were aware of this complaint to the DOL.

24. In further retaliation for Plaintiff's complaints, on September 23, 2018 Defendants released the October work schedule for the Bloomfield location, which reflected that the Plaintiff's hours at Bloomfield Urgent Care had been

cut to zero.

25. After October 2018, Defendants never scheduled Plaintiff to work at Bloomfield Urgent Care.

26. Before Plaintiff made overtime pay complaints, Plaintiff was regularly scheduled to work at Bloomfield Urgent Care.

27. On October 18, 2018, Plaintiff and Defendant Kei discussed Plaintiff's complaints that he was not paid overtime for work performed. Defendant Kei told Plaintiff that Mrs. Kei was "reviewing overtime currently."

28. On October 23, 2018, Plaintiff emailed Mrs. Kei and asked her whether she had looked into whether he was owed overtime.

29. Defendants continued to retaliate against Plaintiff for these complaints regarding overtime pay that he was owed by the Defendants.

30. Defendants began to reduce the number of scheduled support staff to assist Plaintiff with his work duties.

31. On December 6, 2018, Defendants issued a disciplinary memo to Plaintiff for the first time during his tenure as their employee.

32. Under the terms of Plaintiff's employment contract, he was required to give at least ninety days of notice of his departure.

33. On December 16, 2018, Plaintiff tendered his ninety day letter of resignation for full time employment with the expectation that under the terms of the employment contract, he would continue to work for Defendants until March 16, 2019.

34. In continuing retaliation for Plaintiff's earlier complaints, on December 29, 2018, Dr. Kei, threatened to "contact the state licensing board to investigate [Plaintiff's] ability to be a licensed PA."

35. Two days later, by letter dated December 31, 2018, Defendants terminated

Plaintiff's employment.

## COUNT ONE: RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Based on the foregoing, Defendants retaliated against Plaintiff in violation of the Fair Labor Standards Act.

37. Plaintiff made internal complaints regarding not being paid for overtime work to Defendant Kei and Mrs. Kei.

38. Plaintiff also made external complaints to the DOL regarding not being paid overtime for hours worked over 40 hours per week.  Defendants were aware of Plaintiff's complaints to the DOL.

39. After Plaintiff's complaints Defendants engaged in acts of retaliation against Plaintiff, including reducing Plaintiff's scheduled work hours, reducing necessary support staff to assist Plaintiff in conducting work duties, issuing a warning to Plaintiff, threatening to file a complaint with the state licensing board to remove Plaintiff's Physicians Assistant license, and terminating Plaintiff's employment on December 31, 2018.

40. Plaintiff engaged in protected activity under the FLSA.

41. Defendants had knowledge of Plaintiff's protected activity.

42. Defendants took adverse actions against Plaintiff after his protected activity, and there is a causal connection between Plaintiff's protected activity and Defendants' adverse actions against Plaintiff for that protected activity.

43. Defendants' violation of the FLSA in retaliating against Plaintiff was willful.

44. Plaintiff has sustained damages as a result of Defendants' willful violation of the FLSA, including, but not limited to, lost compensation and benefits, liquidated damages, attorneys' fees and costs.

**Demand for Relief**

**WHEREFORE,** Plaintiff claims:

    a.    Liquidated damages under the FLSA;

    b.    Reinstatement of Plaintiff to his prior position of employment or a comparable position or, in the alternative, award him front pay damages;

    c.    Attorney's fees and costs;

    d.    Lost wages; and

    e.    Grant Plaintiff such other and further relief as this Court deems fair, just and equitable.

PLAINTIFF,
GABRIEL BOGDEN-COZMUTA

By   */s/ Claire M. Howard*
Claire M. Howard (ct29654)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford CT 06103
Juris No. 415600
**Phone**: (860) 246-2466
**Fax**: (860) 246-1794
**Email**: choward@mppjustice.com
His attorneys